**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINCOLN A. SMITH,

       Plaintiff-Appellant,

v.

JIMMIE LEE STEWART, Director, at
the Iron County/Utah State
Correctional Facility, individually; Lee
Hulet, Lt. Inmate Discipline Hearing
Officer, (I.D.H.O.),

       Defendants-Appellees.

Case No. 96-4182

(D.C. 94 CV 773 G)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Lincoln A. Smith, an inmate at the Utah State Prison, proceeding in forma

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

pauperis, brought this pro se action under 42 U.S.C. § 1983 against officers and employees at the Iron County/Utah State Correctional Facility. Mr. Smith, alleged violations of the Fifth, Fourteenth, and Eighth Amendments arising from the defendants' administration of disciplinary proceedings against him. The district court adopted the magistrate judge's report and recommendations that (1) defendants' motion for summary judgment be granted; (2) Mr. Smith's motion for summary judgment be denied; and (3) his claims be dismissed. Mr. Smith appeals and we affirm.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law. See Russillo v. Scarborough, 935 F.2d 1167, 1171 (10th Cir. 1991). We construe the record in the light most favorable to the nonmoving party. See Wolf, 50 F.3d at 796. In addition, because Mr. Smith is proceeding pro se, we must construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Smith received notice of a disciplinary hearing against him arising from an incident involving his alleged disorderly conduct and his use of derogatory language toward an officer at the Utah State Prison. Based upon that

2

hearing, he claims that his due process rights were violated when he was unable to present witnesses or gather evidence at the disciplinary hearing held at the Iron County State Correctional Facility, to which he was being transferred. Mr. Smith was found guilty of the alleged infractions and placed in punitive isolation confinement for twenty days. He also claims that the nature of the resulting punitive confinement violated his right to be free from cruel and unusual punishment.

The district court correctly concluded that under Sandin v. Conner, 515 U.S. 472, ___, 115 S. Ct. 2293, 2301 (1995), we must look to the nature of the alleged deprivation to determine whether a liberty interest is implicated. As to Mr. Smith's placement in punitive isolation for twenty days, there is no evidence that this confinement is the sort of "atypical, significant deprivation" that would give rise to a liberty interest deserving of due process protection. Id. Nor is there any indication that the disciplinary action "will inevitably affect the duration of [Mr. Smith's] sentence." Id. at 2302. We agree that Mr. Smith's punitive isolation does not implicate a liberty interest that would entitle him to procedural due process.

Mr. Smith also claims that Sandin should not be applied retroactively, but we have held otherwise. See Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996). Here, as in Talley, there is no evidence in this case that the "disciplinary

3

action would . . . inevitably affect the duration of plaintiff's sentence under state parole regulations." Id. Thus, Mr. Smith was entitled to no procedural due process in this matter, and his Fifth and Fourteenth Amendment claims are foreclosed.

Similarly, Mr. Smith's claim that his placement in punitive isolation constituted cruel and unusual punishment is unsubstantiated. There is nothing in the record suggesting that Mr. Smith's segregation amounted to an Eighth Amendment violation. See Rhodes v. Chapman, 452 U.S. 337, 345 (1981) (holding that prison conditions constitute cruel and unusual punishment if they involve "wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment").

Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

4