989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard L. LARSON, Petitioner-Appellant,
v.
Donald A. DORSEY, Warden, Respondent-Appellee.
 No. 91-2198.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 * Petitioner Richard L. Larson appeals the district court's denial of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. Larson was convicted in New Mexico on four counts of criminal sexual penetration of a minor, one count of attempted criminal sexual penetration, three counts of incest, and one count of criminal sexual contact of a minor. His conviction was affirmed on appeal to the New Mexico Court of Appeals, see State v. Larson, 752 P.2d 1101 (N.M.Ct.App.1988); his petition for writ of certiorari to the Supreme Court of New Mexico was denied.
 
 
 3
 Larson then filed a pro se petition for habeas corpus relief in the state trial court, which was summarily denied. His motion to reconsider and supplement his state habeas petition was also denied, as was his subsequent petition for writ of certiorari to the state supreme court. Larson next sought habeas corpus relief in federal district court. A magistrate judge recommended denying the petition, and his findings and recommendation were adopted by the district court.
 
 
 4
 Larson now appeals. Our jurisdiction arises from 28 U.S.C. § 2253. In our examination of the district court's order, we review Larson's contentions of legal error de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990). On review of a habeas decision, the state court's factual findings, with certain specified exceptions, carry a presumption of correctness. 28 U.S.C. § 2254(d); Hernandez v. New York, 111 S.Ct. 1859, 1869 (1991). The district court denied Larson's motion for certificate of probable cause. Larson moved for a certificate of probable cause in this court. After our careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we grant probable cause certification and affirm the district court's judgment.
 
 
 5
 The underlying facts pertinent to this appeal are outlined in the New Mexico Court of Appeals' opinion on Larson's direct appeal, see Larson, 752 P.2d 1101, and need not be repeated here. On appeal, Larson raises the same issues as those presented to the district court, namely 1) whether use of the first videotaped deposition at trial violated his Sixth Amendment confrontation rights, 2) whether he was denied a speedy trial, 3) whether he received ineffective assistance of counsel at trial and on direct appeal in light of counsel's failure to assert his speedy trial claim, and 4) whether he was deprived of court-appointed counsel in violation of New Mexico's Indigent Defense Act (IDA), N.M.Stat.Ann. § 31-16-1 to § 31-16-10 (Michie 1978) (1984 Repl.Pamph.). The federal district court correctly ruled that Larson has exhausted all of these issues in state court, see Rec.Vol. I, doc. 12, and the record supports habeas review on the merits.
 
 II
 
 6
 Arguing the merits of his confrontation clause claim, Larson contends, as he did before the district court, that the state trial court's findings supporting the government's videotape of the first deposition are insufficient under the standards set forth in Maryland v. Craig, 110 S.Ct. 3157, 3166 (1990). After a careful review of the record on appeal, we conclude that the magistrate judge's decision on the merits of this claim is correct, for the reasons and following the analysis set forth in his findings and recommendations, and particularly in light of the presumption of correctness due state court findings in habeas review, see 28 U.S.C. § 2254(d); Case v. Mondragon, 887 F.2d 1388, 1392-93 (10th Cir.1989), cert. denied, 494 U.S. 1035 (1990). The state court's findings were case-specific and included a finding that the witness would be harmed by testifying in Larson's presence. See Thomas v. Gunter, 962 F.2d 1477, 1482 (10th Cir.1992) ("After Craig, a trial court must find that testifying in front of the defendant will cause the child witness emotional trauma, and that the trauma must impair the child's ability to communicate.").
 
 
 7
 For the first time in the history of this litigation, Larson further asserts that Craig requires not one, but two findings by the state trial court that use of a videotape is necessary to prevent harming the witness. Appellant's Brief at 17. We need not address this contention, see United States v. Alamillo, 941 F.2d 1085, 1086 (10th Cir.1991) (arguments raised for first time on appeal not considered). Additionally, Larson contends that the state court's findings allowing the videotaping failed to satisfy the Craig standards because of the passage of time between the taking of the videotaped deposition and its introduction at trial. We note that this theory was not argued to any court previous to this appeal. Therefore, we decline to consider it. See Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1494 n. 7 (10th Cir.1989), cert. denied, 495 U.S. 948 (1990).
 
 
 8
 When Larson presented his speedy trial claim to the district court, he argued that 1) he was subject to substantial restrictions of his liberty after the charges were dropped in accordance with his agreement with the state, and, therefore, that time should be considered part of the delay before trial, 2) the state court's determination that he had violated the agreement was not supported by the record, and 3) he was prejudiced by the resulting delay. On appeal to this court, Larson argues these points in greater detail, but also argues that the following time periods were delays attributable to the state and should be considered under the speedy trial factors outlined in Barker v. Wingo, 407 U.S. 514 (1972): 1) the period of time from the filing of the first charges up until Larson's second arrest, 2) the three-month period of delay caused by the videotape procedures, between Larson's second arrest and his arraignment, 3) the period of time between arraignment and trial, even though within the state's six-month rule, and 4) the total time between the filing of the initial complaint on the first charges to his trial on the second set of charges, a period of one year.
 
 
 9
 After our review of the record, we conclude, applying Barker standards, that: 1) the length of delay between Larson's arrest and trial was not presumptively prejudicial, and 2) the balance of the speedy trial factors need not be considered.[1] Therefore, the magistrate judge correctly ruled that Larson's speedy trial rights were not violated. Accordingly, we agree with the magistrate judge that denial of the speedy trial claim precludes the necessity for consideration of Larson's ineffective assistance of counsel claim.
 
 
 10
 Larson's final claim is based on New Mexico's Indigent Defense Act (IDA), N.M.Stat.Ann. § 31-16-1 to § 31-16-10 (Michie 1978) (1984 Repl.Pamph.). Larson contends that he was forced to retain his own counsel when he was denied court-appointed counsel under the IDA. We affirm the district court's judgment because we conclude that this claim fails to present an issue cognizable on federal habeas review. Application of New Mexico's IDA statute is a matter of state law. Before the district court, Larson argued that application of the IDA deprived him of effective counsel. However, the alleged fact underlying this contention, that Larson was forced to hire ineffective counsel, is not supported by the record. Larson does not contend that any other federal or constitutional rights are implicated by the state court's refusal to appoint counsel under the IDA. Therefore, we do not consider this claim on its merits. See Estelle, 112 S.Ct. at 480; Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980).
 
 
 11
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In light of this conclusion, we need not address the magistrate judge's reliance on the state's statutory six-month rule. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")