**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL LEE SWANSON,

Petitioner - Appellant,

vs.

RONALD WARD, Warden,

Respondent - Appellee.

No. 97-6057
(D.C. No. 96-CV-1033)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Petitioner Michael Lee Swanson appeals the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We grant Mr. Swanson's application for a certificate of appealability, 28 U.S.C. § 2253(c)(1), and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

## Facts

Mr. Swanson is currently serving a sentence in state prison in Oklahoma pursuant to his conviction on February 8, 1988, on several counts of possession and distribution of a controlled substance. In July 1995, Mr. Swanson filed an application for post-conviction relief in Oklahoma state court, which was denied. He filed this petition on June 27, 1996, contending that his guilty plea was not knowing and voluntary, and that he received ineffective assistance of counsel. On December 16, 1996, a magistrate recommended that the petition be denied. See 28 U.S.C. § 636(b)(1)(B). The district court adopted the magistrate's recommendation on January 17, 1997.

## Discussion

The state contends that Mr. Swanson's petition should be dismissed because he failed to object to the magistrate's recommendation within ten days of its issuance. See Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). As Mr. Swanson has explained, however, his objections were filed within ten days, albeit with the wrong file number. Under the circumstances, we will not apply the waiver rule. See id. at 1413 (waiver rule does not apply "when the ends of justice dictate otherwise"). We also note that the one-year period of limitation for § 2254 petitions does not apply to Mr. Swanson since he filed this petition on

June 27, 1996. See United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997). We thus proceed to the merits.

Mr. Swanson argues first that his guilty plea was not knowingly and voluntarily entered because the prosecution failed to inform him that three of the eight convictions used to enhance his sentence were invalid. In order for a guilty plea to be knowing and voluntary, it must be "done with sufficient awareness of the relevant circumstances and likely consequences." McMann v. Richardson, 397 U.S. 759, 766 (1970) (quotation omitted). Mr. Swanson contends that his plea was not knowing and voluntary because had he known the convictions were invalid, he would not have pled guilty. Thus, he argues, by not informing him of the allegedly invalid convictions, the government violated his rights to due process. See Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 823 (10th Cir.), cert. denied, 116 S. Ct. 272 (1995).

Mr. Swanson claims that three of the eight convictions supporting the enhancement were overturned or modified, and that the sentencing court should have considered two others as misdemeanors. However, even assuming Mr. Swanson is correct, three convictions remain, which is enough to support enhancement under Oklahoma state law. See Okla. Stat. Ann. tit 21, § 51 (West Supp. 1997). Under § 51, the punishment would have been the same whether Mr. Swanson had three, five, or eight previous convictions. The alleged invalidity of

the convictions was thus irrelevant, and Mr. Swanson was sufficiently apprised of all the relevant circumstances. McMann, 397 U.S. at 766. We are satisfied that Mr. Swanson's right to due process was not violated.

Mr. Swanson next argues that his trial counsel was ineffective in failing to investigate the validity of his prior convictions. To establish ineffective assistance, Mr. Swanson must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). As discussed above, the result of the proceeding would not have been different had Mr. Swanson known of the allegedly invalid convictions, and we therefore reject his claim of ineffective assistance.

Finally, we note that Mr. Swanson also claims that the Strickland test should not be applied in this case, as his attorney's "chronic substance abuse and chemical addiction," Aplt. Br. at 13, rendered the entire process presumptively unreliable. This claim was not raised in state court proceedings, and we thus decline to hear it. Granberry v. Greer, 481 U.S. 129, 134 (1987).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -