**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD L. LARSON,

      Petitioner-Appellant,

v.

DONALD DORSEY, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondent-Appellee.

No. 97-2215
(District of New Mexico)
(D.C. No. CIV-96-434-HB)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Richard L. Larson, proceeding *pro se* and *in form pauperis*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for lack of subject matter jurisdiction. Because the district court's conclusion that it lacked subject matter jurisdiction is based on an unduly narrow reading of Larson's § 2254 petition, we **reverse** and **remand** for further proceedings.[1]

Larson was convicted in New Mexico state court on four counts of criminal sexual penetration of a minor, one count of attempted criminal sexual penetration, three counts of incest, and one count of criminal sexual contact of a minor. His conviction was affirmed on appeal and his subsequent effort at state post-conviction relief was summarily denied. Sometime thereafter, Larson brought his first § 2254 petition in the United States District Court for the District of New Mexico.[2] The district court denied relief and this court affirmed on

---

[1]Because Larson filed his § 2254 petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, the AEDPA and its certificate of appealability requirements do not apply to this appeal. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Instead, the pre-AEDPA certificate of probable cause requirements apply here. This court, therefore, liberally construes Larson's request for a certificate of appealability as a motion for a certificate of probable cause, grants that motion, and proceeds to the merits of this appeal. *See Parkhurst v. Shillinger*, 128 F.3d 1366, 1368 n.3 (10th Cir. 1997).

[2]In this first § 2254 petition, Larson raised the following four issues: "1)whether use of the first videotaped deposition at trial violated his Sixth Amendment confrontation rights, 2) whether he was denied a speedy trial, 3) whether he received ineffective assistance of counsel at trial and on direct appeal in light of counsel's failure to assert his speedy trial claim, and 4) whether he was deprived of court-appointed counsel in violation of New Mexico's Indigent

-2-

appeal. *Larson v. Dorsey*, No. 91-2198, 1993 WL 76278 (10th Cir. March 12, 1993).

Larson filed the instant § 2254 petition on April 1, 1996.  The core of the petition revolves around matters that apparently took place before Larson's conviction on the charges set out above.  According to Larson, after a previous arrest on the same charges upon which he was eventually convicted, he entered into some kind of "letter agreement" with the state.  That letter agreement apparently provided that New Mexico would not prosecute Larson if he agreed not to see his daughter.  According to Larson, a New Mexico magistrate judge played some part in the process leading to the letter agreement.  It is this letter agreement and the New Mexico magistrate judge's participation therein that lies at the heart of the current petition.

Although Larson's petition is far from a model of clarity, it appears to assert the following as grounds for granting habeas relief: (1) he was denied his right to due process during the process of reaching the letter agreement because the magistrate did not follow state statutes; (2) the letter agreement constituted punishment and the magistrate judge lacked subject matter jurisdiction to punish him; (3) his subsequent arrest for the same conduct that formed the basis of the

---

Defense Act . . . ." *Larson v. Dorsey*, No. 91-2198, 1993 WL 76278, at *1 (10th Cir. March 12, 1993).

letter agreement violated the letter agreement and was, therefore, illegal; (4) his subsequent punishment for the acts underlying the letter agreement constituted double jeopardy; and (5) his counsel was ineffective for failing to raise the issues set out above.

New Mexico responded to Larson's petition with a motion to dismiss on the grounds of abuse of the writ. In response to New Mexico's motion to dismiss, a federal magistrate noted that the motion appeared meritorious but concluded, "in the interests of fairness," to allow Larson an additional period of time to respond to the motion. Before Larson could so respond, however, the magistrate issued, *sua sponte*, proposed findings which concluded that the district court lacked subject matter jurisdiction over the petition. According to the magistrate, "[a]lthough [Larson] is now in custody, he is not challenging in this § 2254 motion the convictions which led to his being in custody. Rather, [Larson] is challenging an agreement not to prosecute which actually led to his <u>not</u> being in custody and having charges dropped. I, therefore, find that [Larson] does not meet the § 2254 'in custody' requirement." Magistrate Judge's Proposed Findings and Recommended Disposition at 2. The district court thereafter adopted the magistrate's proposed findings after concluding that Larson had not filed timely objections thereto.

-4-

Before proceeding to the merits, we must first resolve a preliminary issue. This court has adopted a firm waiver rule which provides that a failure to make timely objections to a magistrate's findings waives appellate review of both factual and legal questions. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996). We have recognized, however, that the waiver rule will not apply where the ends of justice dictate otherwise. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). Responding to this court's request for supplemental briefing on the issue, New Mexico argues that this is such a case and we agree. As pointed out by New Mexico, Larson did in fact file written objections to the magistrate's proposed findings. Unfortunately, Larson miscaptioned the objections and they were filed and docketed in a separate, related case. In light of Larson's *pro se* status and the fact that he did file timely, written objections, albeit miscaptioned, we conclude that the waiver rule should not apply. *See Swanson v. Ward*, No. 97-6057, 1997 WL 527562 (10th Cir. Aug. 27, 1997) (unpublished disposition) (refusing to apply appellate waiver rule where objections were timely filed but inadvertently miscaptioned). We thus proceed to the merits.

The district court's conclusion that it lacked jurisdiction over Larson's § 2254 petition because Larson failed to sufficiently allege that he is in "custody" is based on an unduly rigid interpretation of the petition. *Cf. Hall v. Belmon*, 935

F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Liberally construed, it is apparent that Larson's petition makes not only a challenge to the process underlying the letter agreement, but also contends that the process leading up to the letter agreement, in which process a state magistrate judge allegedly participated, constituted an adjudication of his rights. In line with this assertion, Larson contends that his subsequent arrest, conviction, and punishment for the same conduct underlying the letter agreement violated the double jeopardy clause. This challenge is clearly directed at a state court judgment pursuant to which Larson is in custody. *See* 28 U.S.C. § 2254 (providing jurisdiction where petitioner is challenging state court judgment under which petitioner is in custody). Accordingly, the district court erred in concluding that it was without subject matter jurisdiction to consider Larson's § 2254 petition.

The judgment of the United States District Court for the District of New Mexico is hereby **REVERSED** and the case is **REMANDED** to the district court for further proceedings. On remand, the district court should first consider New Mexico's Motion to Dismiss Larson's petition as an abusive or successive petition.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge