**Charles R. KILLINGSWORTH, Plaintiff,**

**v.**

**Timothy J. ONDAHL, et al., Defendants.**

**No. 94–3326–RDR.**

United States District Court,
D. Kansas.

Sept. 22, 1997.

Charles R. Killingsworth, Marion, OH, pro se.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This matter is before the court on defendants' motion to dismiss, or, in the alternative for summary judgment (Doc. 20) and on plaintiff's reply briefs (Docs. 23 and 25). Plaintiff, a federal inmate, brings this *Bivens*[1] action alleging he was subjected to

1. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

cruel and unusual punishment and denied due process by a number of federal employees. By its order of February 15, 1995 (Doc. 6), the court limited this action to consideration of those events which occurred at the United States Penitentiary, Leavenworth, Kansas (USPL), and directed the issuance of process. Having examined the record, the court now makes the following findings and order.

*Factual Background*

Plaintiff is serving a forty year prison term for extortion by mail and threats against the President. Due to plaintiff's testimony in the trial of another inmate, there are a number of inmates from whom plaintiff must be separated to ensure his safety.

As a result of plaintiff's separation needs, he has been transferred numerous times to avoid his placement in proximity to any inmate who might represent a threat. Plaintiff arrived at USPL on January 14, 1994. Although full documentation has not been provided, it appears plaintiff most probably arrived by the United States Marshal's airlift to Kansas City and was taken to USPL by bus. Inmate Mario Rosales was transferred at the same time, and the two inmates were placed in the same holding cell at USPL for initial processing. Although they remained in the cell without incident for approximately four hours, plaintiff complains he was assaulted by Rosales on January 12, 1994, at the United States Penitentiary, Atlanta, and that his placement in the cell with Rosales at USPL constituted deliberate indifference to his safety.

Plaintiff also alleges that on the morning of May 9, 1994, the plaintiff heard other inmates discussing plans to place an explosive device into his cell. Plaintiff was transferred to another area of the prison on the same day for disciplinary reasons and was not harmed.

The record shows plaintiff never was assigned to general population after his arrival at USPL. Following initial processing, plaintiff was assigned to the Special Housing Unit in administrative segregation until March 31, 1994. He was transferred to the "D" Cellhouse on March 31 and remained there until May 9, 1994, when he was again assigned to administrative segregation in the Special Housing Unit. He remained there until his transfer from USPL. Plaintiff contends his placement in segregation violated his constitutional right to due process.

*Discussion*

Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990).

It is settled "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (quotation omitted). The *Farmer* decision establishes that "a prison official violates the Eighth Amendment only when two requirements are met," *id.* at 834, 114 S.Ct. at 1977; the inmate must show both "that he is incarcerated under conditions posing a substantial risk of serious harm," and that the defendant prison officials were deliberately indifferent to the inmate's safety. *Id.* at 837–38, 114 S.Ct. at 1979. To show deliberate indifference, the inmate must show "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.*

Examining the record under this standard, the court finds plaintiff has failed to demonstrate that defendants were deliberately indifferent to his safety in placing him in close contact with inmate Rosales. The record contains no documentation that officials at Leavenworth had any information to suggest that Rosales presented a threat to plaintiff's safety, nor does it appear plaintiff notified officials of his belief that he and Rosales should be separated. Finally, it must be noted that plaintiff does not allege Rosales made any effort to harm him during the few hours they were celled together. Defendants therefore are entitled to summary judgment on this claim.

Similarly, the record concerning actions taken in response to plaintiff's report of a plan by other inmates to place explosives in plaintiff's cell does not support a claim of deliberate indifference. Prison officials investigated plaintiff's claim and plaintiff was moved from the area on the same day on disciplinary grounds. Plaintiff was not injured. The court finds no evidence in the record which might arguably present a genuine issue of material fact for trial and concludes defendants are entitled to summary judgment on this issue as well.

Finally, plaintiff alleges that his placement in segregation constitutes a violation of due process. The Due Process Clause applies only when a person is deprived of life, liberty, or property. *Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994). Since this matter was filed, the Supreme Court decided *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)[2] and held that courts must look to the nature of the alleged constitutional deprivation to determine whether a due process guarantee is implicated. Under *Sandin,* only when prison restraints impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" is a liberty interest implicated. 515 U.S. at 483, 115 S.Ct. at 2300.

It is settled both that "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence" and that "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983).

In this case, plaintiff has identified no conditions which reasonably suggest his placement in segregation presented an atypical, significant hardship on him. In contrast, the record suggests this placement was a reasoned response to the circumstances of an inmate who could not enter the general population of that institution, or apparently any other federal correctional institution, without an immediate threat to his safety. Officials maintained plaintiff in a protected setting while they pursued transfer arrangements which culminated in plaintiff's placement in a state correctional setting, and the court finds no merit to plaintiff's contention that he was subjected to a due process violation by this course of action.

After a careful examination of the record, the court concludes the defendants' motion for summary judgment should be granted. It is evident the plaintiff's separation needs presented officials with a continuing challenge to house him safely in a correctional system in which his status as a government witness had become widely known. Despite plaintiff's contentions of cruel and unusual treatment and deprivation of due process, the court finds no viable claim of a constitutional violation is presented in this matter.

IT IS THEREFORE ORDERED the defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief is denied.

The clerk of the court shall transmit copies of the Memorandum and Order to the parties.

**IT IS SO ORDERED.**

---

2. The *Sandin* decision applies retroactively. *Tal-* *ley v. Hesse,* 91 F.3d 1411, 1413 (10th Cir.1996).