**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**OCT 21 1997**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

ROBERT ANDERSON,

Petitioner-Appellant,

v.

DAN REYNOLDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 97-7012
(D.C. No. 92-CV-721)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Robert Anderson requests a certificate of appealability to appeal the order of the district court denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a preliminary matter, we note it is unnecessary for Anderson to obtain a certificate of appealability to prosecute his appeal. The Supreme Court recently held the Antiterrorism and Effective Death Penalty Act of 1996 amendments to 18 U.S.C. § 2253, which impose the requirement of a certificate of appealability, do not apply to cases filed prior to the statute's effective date. See Lindh v. Murphy, 117 S. Ct. 2059 (1997); see also, United States v. Kunzman, ___ F.3d ____, 1997 WL 602507 (10th Cir. 1997). Anderson filed his pro se § 2254 petition on November 17, 1992. Thus, this case was pending at the time of the effective date of the Act. We construe Anderson's request for a certificate of appealability as a request for a certificate of probable cause. See Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997), overruled on other grounds Kunzman, 1997 WL 602507. A habeas petitioner appealing the denial of a § 2254 petition is required to make "a substantial showing of the denial of a federal right" to obtain a certificate of probable cause. Lennox, 87 F.3d at 433.

I.

The magistrate judge entered findings on July 26, 1996, recommending that Anderson's action be dismissed. On December 17, 1996, the district court found

-2-

no exceptions or objections to the magistrate's findings had been filed and adopted the magistrate's recommendation.

28 U.S.C. § 636(b)(1)(C) provides any party may serve and file written objections to a magistrate's proposed findings and recommendation within ten days of being served with a copy of the findings and recommendation. A party who fails to make timely objections to a magistrate's findings and recommendation normally waives appellate review. Talley v. Hesse, 91 F.3d 1411, 1412 (10th Cir. 1996). However, this rule does not apply "when the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object." Id. at 1413.

In this case, the magistrate's order provided: "Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 32(d), the parties are given ten (10) days from being served with a copy of these findings and recommendations to file with the Clerk of the Court any objections with supporting briefs." Doc. 26 at 4. In Moore v. United States, 950 F.2d 656, 658-59 (10th Cir. 1991), this court found such language failed to apprise petitioner of the consequences of failing to file objections, i.e., waiver of appellate review. Anderson has therefore not waived appellate review and we turn to the merits of his appeal. See Talley, 91 F.3d at 1413; Moore, 950 F.2d at 659.

II.

Anderson contends the district court erred in not conducting an evidentiary hearing on his motion to amend his habeas petition. He also asserts the court erred in adopting the magistrate's erroneous finding that Anderson had not amended his habeas petition to pursue claims related to the validity of his conviction. The magistrate found:

> The court finds that petitioner has been put on notice of the risks of proceeding in this habeas action solely on the issue of his post-conviction appeal, and he has elected not to request leave to amend his petition or otherwise attempt to pursue his potential habeas claims related to the merits of his conviction.

Doc. 26 at 4.

Anderson did file a motion to amend his petition on October 17, 1994. He attached to his motion a copy of his application for post-conviction relief in state court with the brief in support of the application, outlining thirteen grounds for relief. Anderson asked the district court to accept the application as his brief in support of his appeal.[1] The district court granted Anderson's motion to amend his petition on July 26, 1996. On that same date, the magistrate issued his findings and recommendation, with no discussion of the claims raised in the amended petition.

---

[1] We construe Anderson's pro se motion liberally, as we must, see Haines v. Kerner, 404 U.S. 519, 520 (1972), as a request to accept his application as a brief in support of his § 2254 petition rather than in support of his appeal.

III.

We GRANT Anderson a certificate of probable cause. We REVERSE the district court's order denying Anderson's habeas petition and REMAND to the district court for consideration of the issues raised in Anderson's amended petition.

Entered for the Court

Mary Beck Briscoe
Circuit Judge