**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 1999**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

QUINTERO and KANSAS
ADVOCACY AND PROTECTIVE
SERVICES, INC., et al.,

      Plaintiffs-Appellees,

v.

ENCARNACION, ROCHELLE
CHRONISTER, as the SECRETARY
OF SOCIAL AND
REHABILITATION SERVICES OF
KANSAS, and MANI LEE, as the
SUPERINTENDENT of LARNED
STATE HOSPITAL, et al.,

      Defendants-Appellants.

No. 98-3129
(D.C. No. 96-1205-MLB)
(Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **MAGILL,**[**] and **EBEL,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

At issue in this interlocutory appeal is whether the Eleventh Amendment bars an action by Kansas Advocacy and Protection Services, Inc. (KAPS) against Rochelle Chronister, Secretary of the Department of Social and Rehabilitation Services, and Mani Lee, Superintendent of Larned State Hospital. Because we conclude that defendants failed to object to the portion of the magistrate judge's Report and Recommendations which concluded the Eleventh Amendment does not preclude KAPS's action against Ms. Chronister and Mr. Lee, we dismiss the appeal.

KAPS and Rita Quintero, a former patient at Larned State Hospital, brought suit against numerous state employees, in their individual and official capacities, who were involved with Ms. Quintero's commitment and treatment. Ms. Quintero sought monetary damages for alleged violations of her constitutional rights; KAPS sought prospective injunctive and declaratory relief. Defendants responded by filing a motion to dismiss, asserting inter alia that the Eleventh Amendment barred all of the official capacity actions against them. The case was referred to a magistrate judge who determined Ms. Chronister and Mr. Lee "are the only defendants in a position to carry out injunctive relief," Aplt. App. at 83, and so were amenable to suit notwithstanding the Eleventh Amendment. The magistrate

judge recommended that the official-capacity claims against all the other defendants be dismissed.

The district court set page limits for memoranda seeking review of the magistrate judge's report and required a consolidated brief. Various defendants stated their objections in a memorandum brief several pages short of the page limit. While raising a number of other issues, the only discussion of the Eleventh Amendment in that brief was as follows:

> The defendants do not challenge the Report's recommendation in their favor on the Eleventh Amendment bars, but do respectfully reserve their right of response to any briefing of the plaintiffs on this issue.

*Id.* at 103.[1] After considering the parties' objection to the report, the district court adopted the magistrate judge's recommendations on Eleventh Amendment immunity in their entirety. *Id.* at 125-26. This interlocutory appeal followed. *See id.* at 171.

---

[1] Not surprisingly, plaintiffs did not object to the Report's recommendation that the Eleventh Amendment does not preclude suit against Ms. Chronister and Mr. Lee. Instead, they objected to the magistrate judge's recommendation that all other defendants be dismissed in their official capacities. In their response to plaintiffs' objections, defendants cited *Idaho v. Coeur D'Alene Tribe of Idaho*, 521 U.S. 261 (1997), and noted that it "adds considerable restrictions on *Ex Parte Young*, 209 U.S. 123 (1908) injunction applications." Aplt. App. at 115. However, there is not even a sentence arguing that *Coeur D'Alene* (or any other authority for that matter) established Eleventh Amendment immunity as to Ms. Chronister and Mr. Lee.

"This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions." *Talley v. Hesse*, 91 F.3d 1411, 1412 (10th Cir. 1996); *see also Frontier Refining Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 706 (10th Cir. 1998); *Pippinger v. Rubin*, 129 F.3d 519, 533-34 (10th Cir. 1997); *Niehaus v. Kansas Bar Assn'n*, 793 F.2d 1159, 1164-65 (10th Cir. 1986). There is an exception "when the ends of justice dictate otherwise or when the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object." *Talley*, 91 F.3d at 1413; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Ms. Chronister and Mr. Lee failed to object to the magistrate judge's conclusion that the Eleventh Amendment does not preclude actions against them in their official capacities. There is simply nothing in defendants' memorandum brief to the district court to indicate otherwise. Defendants contend that their "brevity" was mandated by the district court's imposition of strict page limits. However, they did not briefly object to this portion of the report, they failed to object at all. Their decision to use only seven of the ten pages allocated to them further undercuts this argument. Surely, they could have fit in a paragraph or two articulating this objection in the extra three pages. Their failure to do so

constitutes waiver for the purposes of this interlocutory appeal.[2] *See Pippinger*,

129 F.3d at 533-34.

Having no issue before us, we **DISMISS** this appeal.[3]

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[2] We are not persuaded by defendants' belated attempt to transmogrify the Eleventh Amendment issue into one of standing.

[3] Of course, nothing in this decision precludes Ms. Chronister and Mr. Lee from raising before the district court the issue of Eleventh Amendment immunity at a later time in the trial proceedings.