**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLYNDA WESLEY,

　　　　Petitioner-Appellant,

　　　　v.

NEVILLE MASSEY, Warden, Mabel
Bassett Correctional Center, and THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

　　　　Respondents-Appellees.

No. 98-6354
(D.C. No. CIV-98-643-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BRORBY**, and **BRISCOE**, Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is

therefore ordered submitted without oral argument.

---

　　　　[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Glynda Wesley appeals from the district court's denial of her 28 U.S.C. § 2254 habeas petition. The district court granted her a certificate of appealability. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In August 1984, Glynda Wesley pleaded guilty to first degree murder and armed robbery in the District Court of Oklahoma County, Oklahoma, and was sentenced to a term of imprisonment of life plus five years. In January 1986, Wesley filed an application for post-conviction relief in state court seeking to withdraw her guilty plea. The application was denied and Wesley did not appeal. In February 1997, Wesley filed a second application for post-conviction relief in state court attacking the voluntariness of her guilty plea.[1] The trial court denied the application and the Oklahoma Court of Criminal Appeals affirmed.

Represented by counsel, Wesley then filed a timely petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. The district court referred the case to a magistrate for a report and recommendation. On May 22, 1998, the magistrate issued his report recommending that Wesley's petition be denied. The report expressly advised Wesley "of her right to object to this Report and Recommendation by June 8, 1998, in accordance with 28 U.S.C. § 636 and

---

[1]Plaintiff did not include a copy of either application in the record on appeal.

Local Civil Rule 72.1." App., Ex. B at 8. The report also explicitly cautioned Wesley that "failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained therein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991)." Id. Notwithstanding these unequivocal admonitions, Wesley failed to file any objections to the magistrate's report. Accordingly, the district court entered an order adopting the magistrate's report and recommendation and denied the petition. Wesley later sought a certificate of appealability which the district court granted.

II.

The Tenth Circuit has adopted a "firm waiver rule" which provides that a litigant's failure to file timely objections with the district court of a magistrate's report and recommendation waives appellate review of both legal and factual issues. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). The fact that a district court may have chosen to review the litigant's claims de novo does not preclude application of the waiver rule. Id. at 1061. With respect to parties represented by counsel, only if the "ends of justice" compel us to reach the merits will we not invoke this waiver policy. Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996). Although we have never defined "ends of justice" in this

-3-

context, we have excused the failure to file timely objections only in the rare circumstance in which a represented party did not receive a copy of the magistrate's report. See Tesoro v. Colorado, No. 97-1048, 1997 WL 787173 (10th Cir. Dec. 23, 1997), cert. denied, 118 S. Ct. 1812 (1998). There has been no such claim in the case at bar. Wesley concedes, in fact, that his failure to object to the magistrate's report is attributable entirely to his counsel's "inadvertence." We thus conclude Wesley has waived his right to appellate review.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge