# PUBLISH

# UNITED STATES COURT OF APPEALS
**Filed 8/9/96TENTH CIRCUIT**

---

CURTIS J. TALLEY,

      Plaintiff-Appellant,

v.

LOU HESSE, BEN GRIEGO,
ARISTEDES ZAVARAS, CHRIS
CLEMENTS, KARL GILGE,
WARRENT T. DIESSLIN, DONICE
NEAL, IRVING JACQUEZ,

      Defendants-Appellees,

No. 95-1469

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 93-K-2055)

---

**Submitted on the briefs:**

Curtis J. Talley, Pro Se.

Gale A. Norton, Attorney General, and Laura M. Maresca, Assistant Attorney
General, Denver, Colorado, for Defendants-Appellees.

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Curtis J. Talley, a pro se prisoner, brought this action under 28 U.S.C. § 1983 against officers and employees of the Colorado Department of Corrections. Mr. Talley alleged numerous constitutional violations arising from disciplinary proceedings conducted against him. The district court adopted the report of a magistrate judge recommending that Mr. Talley's claims be dismissed. Mr. Talley appeals and we affirm.[1]

I

Mr. Talley was charged under the penal discipline code with rape in the prison and with possession of dangerous contraband. After a disciplinary hearing, Mr. Talley was placed in administrative segregation and ultimately in a maximum security facility. In the present lawsuit, Mr. Talley asserts numerous constitutional violations, including allegations that he was denied due process in his disciplinary and segregation hearings, and in the revocation of his good time credits. After the district court determined that Mr. Talley's complaint was not subject to dismissal as frivolous under 28 U.S.C. § 1915(d), discovery proceeded. Defendants subsequently filed a motion for summary judgment. Counsel was appointed to represent Mr.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Talley, and he filed an amended complaint.

By the time the case was ready for a ruling on whether summary judgment was appropriate, the Supreme Court had decided Sandin v. Conner, 115 S. Ct. 2293 (1995). The magistrate judge concluded that Mr. Talley's due process claims were without merit under Sandin, that the remaining claims were not supported, and that defendants' motion for summary judgment should be granted. The district court adopted the magistrate judge's report and recommendation, and dismissed the complaint with prejudice.

II

As an initial matter, we observe that Mr. Talley did not file written objections to the magistrate judge's recommendations. This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply, however, when the ends of justice dictate otherwise or when the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object. Id.

While the report here does inform Mr. Talley that his failure to file written objections may bar him from appealing the factual findings of the magistrate judge, the report does not state that a failure to object waives appellate review of legal questions as well.[2] The magistrate judge recommended summary judgment be granted on the basis that no factual disputes existed and that defendants were entitled to judgment as a matter of law. Since the report does not inform Mr. Talley that his failure to object would bar review of these legal issues, we conclude that application of our waiver rule is not appropriate in this case. We therefore turn to the merits of the appeal.

III

Mr. Talley contends on appeal that the magistrate judge erred in applying the decision in Sandin retroactively, and that under prior Supreme Court decisions he was denied procedural due process. On the issue of retroactivity, the Supreme Court has held:

> "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and

---

[2] The magistrate report states: "[T]he failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court." Rec., vol. I, doc. 94 at 12 (emhasis added).

as to all events, regardless of whether such events predate or postdate our announcement of the rule."

Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993); see also Reynoldsville Casket Co. v. Hyde, 115 S. Ct. 1745, 1748 (1995).

In Sandin, the Court held that the plaintiff's discipline in segregated confinement was not the sort of atypical, significant deprivation that would give rise to a liberty interest entitled to due process protection. 115 S. Ct. at 2300. The Court further held that because the disciplinary action would not inevitably affect the duration of plaintiff's sentence under state parole regulations, procedural due process protection was not required. Id. at 2302. Significantly, the Court applied these holdings to the parties in that case. Under these circumstances, we agree with our sister circuits that Sandin is to be given retroactive application. See Samuels v. Mockry, 77 F.3d 34, 37 (2d Cir. 1996) (per curiam); Domimique v. Weld, 73 F.3d 1156, 1160 n.6 (1st Cir. 1996); Mujahid v. Meyer, 59 F.3d 931, 932 n.2 (9th Cir. 1995) (per curiam). The magistrate judge thus did not err in applying Sandin to Mr. Talley's due process claims.[3]

Sandin makes clear that placement in administrative segregation such as occurred here does not give rise to a liberty interest. As a consequence, the procedures involved need not comply with procedural due process. Mr. Talley's due

---

[3] Mr. Talley does not dispute the magistrate's determination that the due process claims are without merit under Sandin.

process claims are therefore foreclosed.

The judgment of the district court is **AFFIRMED**.  Judge Kelly concurs in the result only.