# UNITED STATES COURT OF APPEALS

**Filed 10/28/96**

## TENTH CIRCUIT

---

DOUGLAS BOEHMER,

    Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, ARISTEDES ZAVARAS,
Director; MARK MCKINNA, Warden/
Superintendent of Colorado Territorial Correctional
Facility; JERRY SYLVIA, Assistant
Warden/Superintendent of Colorado Territorial
Correctional Facility; CHARLES WATSON,
Major, Security Manager, Colorado Territorial
Correctional Facility; WILLIAM BELL, Colorado
Department of Corrections Investigator;
CLAYTON E. DONLEY, Lieutenant, Disciplinary
Hearing Board Chairperson, Colorado Territorial
Correctional Facility; GLORIA MASTERSON,
Administrative Officer III, Disciplinary Hearing
Board Member, Colorado Territorial Correctional
Facility; JOHN JUBIC, Lieutenant, Disciplinary
Hearing Board Chairperson, Fremont Correctional
Facility; R. W. EGGART, Lieutenant, Colorado
Territorial Correctional Facility; C. DERWIN,
Lieutenant, Disciplinary Hearing Officer, Colorado
Territorial Correctional Facility; J. GIGANTI,
Captain of Unit One, Disciplinary Hearing Board
Member, Colorado Territorial Correctional
Facility; R. RODENBECK, Lieutenant,
Disciplinary Hearing Board Member, Fremont
Correctional Facility; R. DEGROOT, Lieutenant,
Disciplinary Hearing Board Member, Fremont
Correctional Facility,

    Defendants-Appellees.

No. 96-1063
(D. Ct. No. 94-Z-2615)
(District of Colorado)

## ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Douglas Boehmer, a prisoner held in the custody of the Colorado Department of Corrections ("CDOC"), appeals an order dismissing his complaint seeking judicial review of a prison disciplinary hearing. On March 1, 1994, Boehmer was charged with attempting to deal in dangerous drugs in violation of the CDOC's disciplinary code. At a disciplinary hearing conducted on March 8, 1995, a review board composed of three of the defendants (Masterson, Giganti, and Donley) found Boehmer not guilty of the charge. Defendant McKinna, the warden, reversed the board's decision and ordered another hearing. The second hearing board was composed of defendants Jubic, Rodenbeck, and DeGroot. Based on the testimony of defendants Eggart and Bell, the second hearing board

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

found Boehmer guilty of the charges. Boehmer received 25 days of punitive segregation.

On November 16, 1994, Boehmer filed a complaint under 42 U.S.C. § 1983 seeking compensatory and punitive damages, declaratory relief, and injunctive relief for constitutional violations resulting from the rehearing of the charge. On July 6, 1996, a magistrate judge recommended that the district court grant the defendants' motion for summary judgment "as to all claims, except for the claims for declaratory and injunctive relief as to Defendants McKinna, Jubic, Rodenbeck, and DeGroot." The magistrate reasoned that a factual dispute existed regarding whether the warden and the members of the second disciplinary hearing board were impartial in making their decision. Thus, the magistrate concluded that Boehmer could bring a due process claim against these defendants. The magistrate found, however, that qualified immunity prevented Boehmer from seeking monetary damages. As to the remaining defendants, the magistrate found that Boehmer had failed to demonstrate that they personally participated in the deprivation of any established constitutional right.

The district court adopted the magistrate's recommendations as to all of the defendants except McKinna, Jubic, Rodenbeck, and DeGroot. Relying on Sandin v. Conner, 115 S. Ct. 2293 (1995), the district court found that because punitive segregation did not implicate a liberty interest, Boehmer could not bring a section

1983 action against any of the defendants.  As a consequence, the court concluded that the disciplinary hearing at issue in Boehmer's complaint need not comply with procedural due process.

On appeal, Boehmer claims that the district court should not have applied Sandin retroactively in reviewing the disciplinary action.  Boehmer also argues that if Sandin does not apply retroactively, defendants McKinna, Jubic, Rodenbeck, and DeGroot are not entitled to summary judgment on the basis of qualified immunity.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

In Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996), we held that Sandin is to be given retroactive application.  Thus, the district court did not err in applying Sandin to Boehmer's due process claims.  We also agree that under Sandin, 115 S. Ct. at 2330, punitive segregation was not the sort of atypical significant deprivation that would give rise to a liberty interest protected by due process.  Accordingly, we do not reach Boehmer's qualified immunity argument. The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -