**Francis Leon HILTERMAN, Petitioner,**

v.

**Robert FURLONG, Warden, and Gale Norton, Attorney General of the State of Colorado, Respondents.**

**Civil Action No. 96–K–1625.**

United States District Court,
D. Colorado.

June 3, 1997.

---

Steven Jay Rozan, Houston, TX, for Petitioner.

Clemmie P. Engle, Senior Asst. Atty. Gen., Criminal Enforcement Section, Denver, CO, for Respondents.

## ORDER RE NOTICE OF APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

KANE, Senior District Judge.

On May 28, 1997, Petitioner Francis Leon Hilterman, through his counsel, Steven Jay Rozan, filed a Notice of Appeal to the Tenth Circuit Court of Appeals from my May 6, 1997 order denying Hilterman's Motion for Reconsideration filed May 2, 1997.

In 1992 the District Court of Jefferson County convicted Hilterman of the following felonies: violation of the Colorado Organized Crime Control Act (COCCA); two counts of Theft by Receiving; two counts of Possession of Vehicle with Altered Identification Numbers; and two counts of Tampering with a Witness. The trial court adjudicated Hilterman an habitual criminal and sentenced him to life imprisonment. Hilterman appealed the conviction to the Colorado Court of Appeals, which affirmed. The Colorado Supreme Court granted Hilterman's petition for a writ of certiorari, but, after hearing oral arguments, issued an order denying certiorari as having been improvidently granted.

On July 5, 1996, Hilterman filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("habeas petition") in this court. The habeas petition alleges (1) the evidence used against him was obtained pursuant to an unlawful search and seizure; and (2) the imposition of a life sentence was disproportionate to his crimes and in violation of the Eighth Amendment. Pursuant to Rule 72.4 of the Local Rules of Practice of this court, I referred the habeas petition to Magistrate Judge Richard Borchers.

On March 24, 1997, the Recommendation of United States Magistrate Judge ("Recommendation") was entered, recommending that the petition be dismissed. On April 8, 1997, the time for filing objections having lapsed, I adopted the Recommendation and dismissed Hilterman's complaint for the reasons stated in the Recommendation.

On April 15, 1997, Hilterman, through his counsel, Steven Jay Rozan, filed a Motion to Retain Case on Docket and for Expansion of Time for Response. On April 16, 1997, I

denied this motion. I stated that being a sole practitioner with no office staff was not sufficient grounds to modify established rules of procedure and time limitations and that the remaining allegations in the motion were without merit or authority.

On April 17, 1997, Hilterman, *pro se*, filed a motion to alter or amend judgment, stating that he had not been provided with a copy of the Recommendation by his counsel or this court, had effectively been denied his right to file formal written objections to the Recommendation, and requesting such copy and permission to file such objections to preserve his right of appeal from the proposed findings of fact and conclusions of law in the Recommendation. On April 18, 1997, I denied this motion.

On May 2, 1997, a Motion for Reconsideration was filed by Hilterman through his counsel, Steven Jay Rozan, urging reconsideration of the April 16, 1997 order denying the Motion to Retain Case on Docket and for Expansion of time for Response. On May 2, 1997, I denied the Motion for Reconsideration.

On May 28, 1997, Hilterman, through his counsel, filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit from the denial of the Motion for Reconsideration entered on May 6, 1997.

■ Insofar as the denial of the Motion for Reconsideration of the Order denying the Motion to Retain Case on Docket and for Expansion of Time For Response amounts to an effective denial of the habeas petition, I find Hilterman has waived his right to object to the denial of the petition by having failed to file timely written objections to the Recommendation. The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions." *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir.1996) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)). The rule does not apply "when the ends of justice dictate otherwise." *Id.*, at 1413.

Because no timely objection was filed to the Recommendation, and I do not find that the ends of justice dictate otherwise, I find that Hilterman has waived his right to appeal the denial of the habeas petition.

If Hilterman, in appealing the denial of the motion for reconsideration, appeals not the denial of the habeas petition, but my order denying the Motion to Retain Case on Docket and for Expansion of Time for Response on the grounds stated therein, then there is no need for any ruling on my part nor for the issue of a certificate of appealability.

If, however, Hilterman's appeal amounts to an appeal of the denial of the habeas petition and the waiver rule is inapplicable, the issue arises whether I should consider the Notice of Appeal as a request for a certificate of appealability. "[A]n appeal may not be taken from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1)(A), as amended by § 102 of the Antiterrorist and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat 1214 (1996) ("AEDPA"). Such certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and "shall indicate which specific issue or issues satisfy [such] showing," *id.* § 2253(c)(3).

■ Rule 22(b) of the Federal Rules of Appellate Procedure, as amended by the AEDPA, states plainly: "If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Fed. R.App. P. 22(b). Under this rule, therefore, I am not required to consider the question of a certificate of appealability, since here no express request has been filed.

On October 1, 1996, the Tenth Circuit attempted to resolve the apparent conflict between 28 U.S.C. § 2253(c), which provides that certificates of appeal should be issued, if at all, by a "circuit justice or judge," and Federal Rule of Appellate Procedure 22(b) which envisages that a "district or a circuit judge" may issue a certificate of appealability. *See Emergency General Order, In re*

*Procedures Regarding the Prison Litigation Reform Act and the Antiterrorist and Effective Death Penalty Act,* No. 96–41 (10th Cir. Oct. 1, 1996). "Recognizing the conflict ... to achieve consistency within the circuit, this court directs the district courts to consider the propriety of issuing certificates of appealability in the first instance. Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial." *Id.*[1]

This attempted clarification has somewhat muddied the waters in circumstances such as these where no express request for a certificate has been filed. Whereas, under Rule 22(b), the notice of appeal is deemed a request to the court of appeals, under the *Emergency Order,* I am directed to consider the propriety of issuing a certificate of appealability. Following the directive of the Tenth Circuit, I address the issue even though no request for a certificate has been filed.

■ I have reviewed the Recommendation of the United States Magistrate Judge and the entire record before me. For the reasons set forth in the Recommendation, I conclude Hilterman has failed to make a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2) as amended. Accordingly, treating the Notice of Appeal as a request for certificate of appealability, I deny such certificate.

---

1. In *Houchin v. Zavaras,* 107 F.3d 1465, 1468 (10th Cir.1997), the Tenth Circuit held a district court judge has the authority to issue a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A) relating to a § 2254 appeal.