**Kevin E. GRAY, Petitioner–Appellant,**

v.

**State of KANSAS, Respondent–Appellee.**

**No. 01–3270.**

United States Court of Appeals, Tenth Circuit.

Dec. 6, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order

**ORDER AND JUDGMENT** *

EBEL, Circuit Judge.

Plaintiff–Appellant, Kevin E. Gray, pled guilty to four counts of rape and one count of attempted rape in 1986. On October 7, 1996, he filed a motion seeking to have his sentence converted. In November 1996 a "Journal Entry Converting Sentence" was filed, but this journal entry was set aside in December 1996. Mr. Gray's motion to convert his sentence was ultimately overruled on March 6, 1997, and there was no appeal.

On May 11, 2001, he filed a pro se § 2254 appeal, making two claims. First, he asserted that the state had no authority to vacate the journal entry converting his sentence under the Kansas Sentencing Guidelines. Second, he claimed that he was subjected to double jeopardy when the journal entry allowing conversion of his sentence was vacated. The magistrate judge recommended that the petition be denied as untimely based on AEDPA's one-year limitations period. Mr. Gray did not object to the magistrate's recommendation, and the district court adopted the recommendation. Mr. Gray then filed a motion to alter or amend the judgment, or in the alternative, to file an appeal. The district court denied this motion and declined to grant a COA. This appeal followed and we affirm the district court's order.

This court has adopted a strict waiver rule, instructing that failure to file timely objections to a magistrate's recommenda-

---

and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

tion and report waives appellate review of both factual and legal questions. *See Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996). The magistrate judge issued her report and recommendations on June 28, 2001, and the district court adopted that report on July 20, 2001. Mr. Gray has made no argument that he timely filed objections to the magistrate's recommendation. Accordingly, his attempt to appeal the findings in that recommendation is foreclosed under our waiver rule. *See Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991).

Further, even if we were to review the district court's order, we would agree that Mr. Gray's claim is time-barred under AEDPA. The district court found that the one year statute of limitations for Mr. Gray's § 2254 petition began to run on April 25, 1996, was tolled for a period of 181 days upon filing a motion to convert his sentence, and expired on October 22, 1997. He filed this action on May 11, 2001, more than three years after the statute of limitations had expired. Accordingly, it is time-barred under AEDPA and the district court's decision denying a certificate of appealability is AFFIRMED.

The court notes that the district court granted Mr. Gray's motion to proceed *in forma pauperis* on this appeal, but he filed another motion with this court to proceed *ifp* on appeal. This second motion for *ifp* status is DENIED as moot.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.