**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 3 2003**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

C. ELI-JAH HAKEEM
MUHAMMAD, also known as
Christopher Hijrah Mitchell,

      Plaintiff - Appellant,

v.

S. FINLEY; R. MARTINEZ; B.
BUNCH,

      Defendants - Appellees.

No. 02-1235
(D.C. No. 01-Z-2498)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff-Appellant C. Eli-jah Hakeem Muhammad, a.k.a. Christopher

Hijrah Mitchell, a federal prisoner appearing pro se, appeals the dismissal of his

civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of

the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Our jurisdiction arises under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

28 U.S.C. § 1291 and we affirm.

Mr. Muhammad, an inmate at the United States Penitentiary-Administrative Maximum Facility ("ADX") at Florence, Colorado, filed the instant action against various ADX officials ("Defendants") alleging several violations of his Fourth and Fifth Amendment rights. In his complaint, which seeks compensatory and punitive damages, injunctive relief, and an expunction of his disciplinary conviction, Mr. Muhammad makes essentially two claims. First, he claims that his Fourth Amendment rights were violated when prison officials, without his knowledge or consent, and in disregard of applicable prison regulations, searched his personal property that was transferred to ADX from another correctional facility. Second, Mr. Muhammad claims that he was falsely accused of possessing a metal shank glued in the sole of a pair of shoes. He further alleges that the disciplinary hearing that ensued was biased and unfair, and that he was therefore denied due process under the Fifth Amendment. Mr. Muhammad alleges that as a result of the constitutionally deficient hearing, he received disciplinary segregation, 30 days of commissary restrictions, and a loss of 82 days of good-time credits.

The district court dismissed Mr. Muhammad's first claim as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), holding that he could not prevail under the Fourth Amendment because under Hudson v. Palmer, 468 U.S.

517, 525-26 (1984), he had no reasonable expectation of privacy. The court further held that the search of Mr. Muhammad's property did not violate his right to due process because: (1) an inmate has no due process right to be present when his or her property is searched, Block v. Rutherford, 468 U.S. 576, 590-91 (1984); (2) merely negligent deprivations of property by federal employees do not violate the Due Process Clause, Daniels v. Williams, 474 U.S. 327 (1986); and (3) to the extent that Mr. Muhammad's claim can be construed as alleging that Defendants intentionally misidentified his property, such does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.[1] Hudson, 468 U.S. at 533.

As to Mr. Muhammad's second claim, the district court held that under Preiser v. Rodriguez, 411 U.S. 475, 485-487 (1973), a claim seeking restoration of good-time credits cannot be brought as a civil rights action, but must instead be brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Second, the district court dismissed without prejudice Mr. Muhammad's claim for damages arising out of the allegedly unconstitutional disciplinary hearing, holding that the claim was procedurally barred under Edwards v. Balisok, 520 U.S. 641, 648 (1997), which held that a prisoner's claim for damages that necessarily

---

[1]     The district court further held that the Federal Tort Claims Act ("FTCA") provides an adequate post-deprivation remedy if Defendants, acting beyond the scope of their authority, intentionally deprived him of his property.

implies the invalidity of the prisoner's disciplinary conviction is not actionable in a suit brought under 42 U.S.C. § 1983 unless the underlying conviction has been invalidated.

Third, the district court held that Mr. Muhammad's claims that his placement in disciplinary segregation and the imposition of certain commissary restrictions denied him of due process lacked merit because Mr. Muhammad could not satisfy the threshold showing that he was deprived of a life, liberty, or property interest. Specifically, the district court held that he lacked a liberty interest in not being placed in segregation because, under Sandin v. Conner, 515 U.S. 472, 486 (1995), such discipline, absent an "atypical, significant deprivation," does not give rise to a liberty interest. For similar reasons, the district court held that the imposition of commissary restrictions did not implicate a liberty interest for due process purposes.

On appeal to this court, Mr. Muhammad renews the claims presented in his complaint arguing that his disciplinary hearing and the search of his personal effects violated his rights under the Fourth and Fifth Amendments. In addition, Mr. Muhammad challenges the district court's dismissal of his claims on the grounds that: (1) his Fourth and Fifth Amendment claims should not have been dismissed as legally frivolous; (2) he demonstrated "personal involvement of the Defendants in alleged constitutional deprivations concerning disciplinary actions

- 4 -

and hearings," Aplt. Br. at 18-A, and that the district court therefore erred in holding that he could not obtain a restoration of good-time credits in a Bivens action; (3) the court erred in dismissing his due process claim that a memorandum containing false allegations was used at his disciplinary hearing; and (4) he should not be required to bring an action under the FTCA to redress any unauthorized, intentional deprivation of his property by Defendants.

As to claims one and three above, we agree with the district court that the claims dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) were frivolous. Moreover, we agree with the district court that Mr. Muhammad lacked a liberty interest in being free from disciplinary segregation and commissary restrictions. See Sandin, 515 U.S. at 486; see also Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996) (applying Sandin in affirming district court's grant of summary judgment against prisoner for lack of a liberty interest where disciplinary hearing resulted in his assignment to segregated confinement).

We find claims two and four similarly without merit. We agree with the district court that pursuant to Preiser, 411 U.S. at 487, 489-90, a § 2241 habeas action constitutes the sole means of obtaining a restoration of good-time credits. See also Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). Mr. Muhammad's argument that Defendants' personal involvement in the alleged deprivations somehow entitles him to maintain a Bivens action for such relief is

therefore without merit. We likewise fail to see how the district court erred in holding that Mr. Muhammad's claims, to the extent they can be construed as alleging an unauthorized, intentional deprivation of his property, were not actionable under the Due Process Clause due to the availability of a tort action under the FTCA. See Hudson, 468 U.S. at 533.

After carefully reviewing the district court's order and the record on appeal, we conclude that the many issues raised by Mr. Muhammad were correctly analyzed. Accordingly, we AFFIRM for substantially the same reasons given by the district court, GRANT Mr. Muhammad's Motion for Leave to Proceed Without Prepayment of Costs or Fees, and DENY all other pending motions. We remind Mr. Muhammad that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge