F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HIPOLITO ARAGON,

Defendant - Appellant.

No. 02-2102
D.C. No. CIV-01-1242 LH/KBM
and CR-99-1329 LH
(D. New Mexico)

**ORDER AND JUDGMENT***

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

The case is before this court on Appellant Hipolito Aragon's request for a

certificate of appealability ("COA"). Aragon seeks a COA so he can appeal the

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's denial of his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a petitioner may not appeal the denial of a § 2255 motion unless he first obtains a COA). Aragon pleaded guilty to various drug and firearms charges. He filed the instant § 2255 motion on October 29, 2001 raising five claims for relief. Three of the claims involved Aragon's allegations that the indictment returned against him was legally defective and that the statutes under which he was charged are unconstitutional. The district court dismissed those three claims on December 6, 2001, and ordered the government to respond to the two remaining claims. Those two claims involved Aragon's assertion that he received ineffective assistance of counsel and, as a result, his guilty plea was involuntary.

After the government's response was filed, a report and recommendation was prepared by a magistrate judge. The magistrate judge analyzed the merits of Aragon's claims and recommended dismissing them. Aragon was given notice in the report and recommendation that he was required to file any objections he might have within ten days after receiving the report. The notice specifically warned him that the failure to file objections may constitute a waiver of those objections on subsequent appellate review. Aragon did not file any objections. The district court adopted the magistrate judge's report and recommendation and dismissed Aragon's two remaining claims.

This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id*. Aragon does not argue that either of the two exceptions to the firm waiver rule apply in this case. *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996) ("This rule does not apply, however, when . . . the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object."); *Moore*, 950 F.2d at 659 ("The waiver rule as a procedural bar need not be applied when the interests of justice so dictate."). Further, in his appellate brief Aragon does not challenge the district court's dismissal of the three claims which were not discussed in the magistrate's report and recommendation.

Aragon is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Aragon can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3) the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Based on our review of Aragon's request for a COA, his appellate brief, the report and recommendation, the district court's orders, and

the entire record before us, we conclude that the district court's disposition of Aragon's § 2255 motion is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Accordingly, Aragon has failed to make the required substantial showing of the denial of a constitutional right and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(1)(b). This court **denies** Aragon's request for a COA and **dismisses** this appeal. Aragon's request to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge