**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARK ALAN STREPKA,

      Plaintiff-Appellant,

v.

J. GRAYSON ROBINSON, [*] Sheriff;
CLASSIFICATION EMPLOYEE,
John or Jane Doe that classified the
third person (assailant) into cell
4-B-15; CAPT. TAYLOR, Keeper of
A.C.D.F.; CLASSIFICATION
SUPERVISOR, Mary, et. seq.;
ARAPAHOE, BOARD OF COUNTY
COMMISSIONERS, 18th Judicial
District,

      Defendants-Appellees.

Nos. 02-1147 & 02-1164
(D.C. No. 00-D-56)
(D. Colo.)

---

**ORDER AND JUDGMENT** [**]

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

[*]     J. Grayson Robinson is the current Arapahoe County Sheriff. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Sheriff Robinson is substituted for Patrick J. Sullivan, Jr. as the appellee in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

In appeal No. 02-1147, plaintiff Mark Alan Strepka, a prisoner proceeding pro se, seeks review of the district court's order adopting the recommendation of the magistrate judge and granting summary judgment to defendants on his claims that his civil rights were violated while he was a pretrial detainee at the Arapahoe County Detention Facility.  [1]  He also appeals the district court's order denying his post-judgment request to reconsider the judgment,      see R. doc. 129 ( objections to district court's orders and judgments), which was assigned appeal No. 02-1164. Because Mr. Strepka did not file his objections to the magistrate judge's recommendation within the required time, the district court did not consider his objections, but it did review the recommendation and concluded there was no clear error.   See Fed. R. Civ. P. 72(b) advisory committee's note.  In these companioned appeals, Mr. Strepka requests review of the merits of his civil rights claims.  Before we can reach the merits, however, we must first determine whether he waived his right to appeal by failing to file timely objections to the

---

[1]     Mr. Strepka does not challenge on appeal the district court's May 9, 2001 order adopting the magistrate judge's recommendation to dismiss some of his claims and some defendants.

magistrate judge's recommendation. We exercise jurisdiction under 28 U.S.C. § 1291, and dismiss appeal No. 02-1147 because Mr. Strepka waived appellate review by failing to object to the magistrate judge's recommendation within the required time period. In appeal No. 02-1164, we affirm the district court's order denying reconsideration.

The magistrate judge's recommendation was mailed to Mr. Strepka on January 31, 2002. It advised him that he had ten days to file objections. Pursuant to Rules 5 and 6 of the Federal Rules of Civil Procedure, intervening weekends and holidays are excluded from the time period and three days are added if the document was served by mail. Consequently, Mr. Strepka's objections were due on February 20, 2002. The certificate of mailing on his objections was dated February 21, 2002, which is considered the filing date because that is the date on which he mailed the pleading from prison. See Dunn v. White , 880 F.2d 1188, 1190 (10th Cir. 1989) ( objections considered mailed when placed in prison mailbox). Mr. Strepka's objections were filed one day late.

"This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions." Talley v. Hesse , 91 F.3d 1411, 1412 (10th Cir. 1996). The two exceptions to the firm waiver rule are when the ends of justice require the waiver rule to be set aside and when the

magistrate judge's order does not inform a pro se litigant of the consequences of failing to file an objection. Id. at 1413. Here, the magistrate judge's recommendation clearly informed Mr. Strepka of the consequences of failing to object. Accordingly, we will apply the waiver rule unless the ends-of-justice exception dictates otherwise.

We note that the time to file objections began to run on the date the recommendation was filed and mailed. Prisoners have limited access to legal materials. Mr. Strepka's objections were only one day late. Therefore, we conclude that we should look very closely at whether to apply the interests-of-justice exception.

Fortunately, we have the benefit of a thorough analysis of the facts and law to guide us in determining whether to apply the exception to the firm waiver rule. It is all contained in the magistrate judge's recommendation. We conclude there is nothing in the record to support applying the exception. Consequently, we find that Mr. Strepka waived his right to appeal and we dismiss appeal No. 02-1147.

We turn to appeal No. 02-1164, in which Mr. Strepka challenges the district court's order rejecting his "Objections to Judge, Wiley Y. Daniels', Premature Actions and Orders/Judgments Entered; pursuant to Fed. R. Civ. P. 46; and Demand for Proper 'limine'." [sic, generally]. The district court struck the motion and denied it as moot because final judgment had already been entered.

We construe the motion as one seeking post-judgment relief and review the district court's denial for an abuse of discretion.      See Buchanan v. Sherrill  , 51 F.3d 227, 230 (10th Cir. 1995).  The district court allowed Mr. Strepka the required ten days to object to the magistrate judge's recommendation.  It reviewed the recommendation and found no clear error.  Mr. Strepka's objections were filed after the due date.  As noted above, we have reviewed the file and related materials, as well as the magistrate judge's recommendation, and have found no ground to invoke the ends-of-justice exception.  Accordingly, we hold that the district court did not abuse its discretion on denying post-judgment relief.

Mr. Strepka also complains that the district court denied as moot his motion for a preliminary injunction, filed after the final judgment was entered.  Given our conclusion that he was not entitled to post-judgment relief, we find no error.  He also charges that the district court mailed its order adopting the magistrate judge's recommendation to the wrong address, which delayed his receipt of the order.  He does not explain, however, how the alleged error in his mailing address adversely affected his ability to object to the magistrate judge's recommendation or to seek post-judgment relief.  Notably, he does not allege that the magistrate judge's recommendation was mailed to the wrong address.  Therefore, the order in appeal No. 02-1164 is affirmed.

Finally, Mr. Strepka asserts that the district judge should have recused. He did not present this issue to the district court. We generally do not review issues that were not raised in the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Mr. Strepka requests that we depart from the general rule and address the merits of his recusal argument. We decline to do so, but we note that adverse legal rulings are not grounds for recusal. Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988); see also 28 U.S.C. §§ 144, 455; United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993) (collecting cases summarizing circumstances not meeting standard for recusal).

Mr. Strepka's motion to proceed without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid in both appeals. His motion for partial denial of appellee's motion for extension of time is denied.

Appeal No. 02-1147 is DISMISSED. The order denying post-judgment relief in appeal No. 02-1164 is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

-6-