**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATSY COTTMAN,

      Plaintiff-Appellant,

v.

AURORA PUBLIC SCHOOLS;
DAVID HARTENBACH;
HAROLD BEEBE; KAREN
YABLONSKI-TOLL; VERN
MARTIN; SHARI WILKINS;
JAMES STAMPER; HELEN PRYOR,

      Defendants-Appellees.

No.  03-1065
(D.C. No. 99-D-1699 (MJW))
(D. Colo.)

## ORDER AND JUDGMENT   *

Before **O'BRIEN**  and **BALDOCK** , Circuit Judges, and    **BRORBY** , Senior Circuit
Judge.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of the district court's judgment, following a jury verdict in favor of defendants, on plaintiff's claim of retaliation in connection with her employment and subsequent termination with the Aurora Public Schools. She also seeks review of the district court's subsequent denial of her motion for new trial.

**Background**

Plaintiff, an African American, began her teaching career as an elementary school teacher with the Aurora Public Schools (APS).  In 1994 she was selected for a position as an assistant principal at Vaughn Elementary School and worked in that capacity through the 1994-1995 school year.  By the fall of 1995 serious conflicts had arisen between plaintiff and her principal, Lisa Spreitzer, a Caucasian female.  In January of 1996, largely because of the staff's concern with the leadership at Vaughn, Spreitzer was demoted from her position as principal and plaintiff was laterally transferred to Crawford Elementary School.

In July of 1996, Crawford's male principal, Vern Martin, rated plaintiff's performance as satisfactory.  In August some Crawford staff members complained about plaintiff's behavior.  This resulted in plaintiff's placement first on an "action plan" and subsequently on an "improvement plan" to address her

deficiencies and improve her performance. In December of 1996 Martin rated her performance as rarely meeting or not meeting standards in five performance areas. He placed her on a "remediation plan," which plaintiff helped develop and signed in February of 1997. She did not complete the plan, however, because she went on medical leave in March, citing job stress.

Plaintiff remained on medical leave approximately seventeen months. Working with plaintiff's psychiatrist and attorney, APS in 1998 offered, and plaintiff accepted, an assistant principal position at Side Creek Elementary School. The principal at Side Creek during the 1998-1999 school year was Helen Pryor, an African American female. APS administrators felt Pryor had the experience to assist plaintiff's remediation; plaintiff contended she was placed with Pryor as a set up for failure.

Because of plaintiff's mental and physical condition, she sought accommodation by the removal of the remediation plan, which plaintiff's psychiatrist thought would be too stressful for her. Plaintiff refused to sign the Side Creek remediation plan (which had been modified to meet the needs of that school), but nonetheless performed under it. Plaintiff and Pryor were at odds the balance of the school year over plaintiff's performance, and in May of 1999, Pryor evaluated plaintiff's performance as deficient and recommended she not be retained as an assistant principal. This recommendation was ultimately accepted,

and plaintiff was demoted to the position of classroom teacher and placed on paid administrative leave for the balance of the 1998-1999 contract year.

After plaintiff was assigned to teach fourth grade at Kenton Elementary School in August of 1999, she failed to report to work. She protested her demotion to a teaching position and was advised to either report to work by August 25 or resign; otherwise she faced termination proceedings based on insubordination. Plaintiff refused to do either and was ultimately terminated by the Board of Education, following a due process hearing before an administrative law judge.

**Discrimination Charges**

In October of 1997, while still on medical leave from her assistant principal position at Crawford, petitioner filed a charge of discrimination with the EEOC based on disability and retaliation. She claimed that she was qualified to return to her previous position as an assistant principal and was able to perform the essential functions of her job "and other jobs, with or without reasonable accommodation," but that APS refused to return her to her position. Vol. I, Doc. 123, Ex. J. In June of 1998, she amended her charge to include race and color discrimination, alleging that "[w]hite employees now perform the job responsibilities I previously performed." *Id.* at Ex. K. In June of 1999, the EEOC dismissed her charge and issued a right-to-sue letter. Plaintiff filed her

-4-

first district court complaint in August, alleging that APS and the individual defendants violated her rights under the American with Disabilities Act; 42 U.S.C. § 12101-12213; that defendants subjected her to a hostile work environment; and that she was discriminated against on the basis of race and for retaliation against her in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2 (Title VII).  Vol. I, Doc. 1 at 3-8.

Following a hearing, the district court granted summary judgment to defendants on plaintiff's disability claim, concluding she was not a qualified individual with a disability as defined by *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).  The court also granted summary judgment on her hostile environment claim, concluding plaintiff failed to meet the requirements of *O'Shea v. Yellow Technology Services, Inc.*, 185 F.3d 1093, 1097 (10th Cir. 1999) (requiring showing that workplace is permeated with discriminatory intimidation, ridicule and insult sufficiently severe or pervasive to alter conditions of plaintiff's employment).  In a subsequent order the court further granted summary judgment in favor of defendants on the retaliation claim based on events occurring before March of 1997.  The court reaffirmed its previous finding that plaintiff had failed to present any evidence of a hostile work environment and so could not rely on that theory to support a claim of adverse action in connection with her transfer to Side Creek.  In a later order, the court granted summary judgment to the

individual defendants, except defendant Pryor, on plaintiff's § 1981 claims. Vol. IV, Doc. 194. At this point the defendants remaining in the action were APS and Helen Pryor and the claims against each defendant involved only retaliation.

Following a five-day trial, the jury returned a verdict in favor of defendants on plaintiff's claims of retaliation in violation of § 1981, and in favor of APS on her ADA and Title VII claims. The court entered judgment accordingly, dismissing plaintiff's complaint and action with prejudice. *Id.*, Doc. 268.

Plaintiff timely moved for a new trial, claiming she had had inadequate time at trial to present her case. She further contended that the jury's brief deliberation (less than an hour) indicated the jury had not adequately deliberated the matter and that the jury's failure to accept certain testimony indicated a failure to follow the law as instructed. *Id.*, Doc. 270. Plaintiff also complained of the court's denial of her motions to reopen discovery, but did not indicate what she might have presented had further discovery been granted. Defendants objected the post-judgment motions because at no time during trial had plaintiff requested more than five days for trial, nor had her counsel indicated he was hindered in his presentation by lack of discovery. *Id.*, Doc. 274. Because plaintiff's attorney had also moved to withdraw as counsel, plaintiff filed a separate pro se motion to set aside the jury's verdict.

The district court held a hearing on these motions, declining to consider plaintiff's pro se motion to set aside the jury verdict on the grounds that the motion was untimely filed and because she was represented by counsel when the motion was filed. *Id.*, Doc. 285 at 1. As to the motion for new trial, the court found that none of the actions complained of were inconsistent with substantial justice, *id.* at 2 (citing Fed. R. Civ. P. 61), and that plaintiff had failed to object to discovery rulings or time constraints at trial. *Id.* Finally, the court alternatively determined that plaintiff had failed to show the jury's verdict was so contrary to the weight of the evidence as to be unsupportable. *Id.* The court denied the motions and granted plaintiff's counsel's motion to withdraw. *Id.* at 3.

In her notice of appeal, plaintiff, proceeding pro se, seeks review only of the judgment entered on the jury's verdict following trial and of the court's denial of her post-judgment motions. *Id.*, Doc. 286. Our review is therefore limited to these two issues.

**Discussion**

Plaintiff has chosen not to present her arguments in the traditional format prescribed by the Local Rules of the Tenth Circuit, opting instead to utilize the format available to pro-se litigants. As a consequence, however, she has interspersed commentary, factual statements, and purported legal arguments throughout the brief. Her citations to the record are by document number only,

-7-

*see* 10th Cir. R. 28.1(B) (requesting use of specific page numbers), and are often accompanied by the suggestion that transcripts are necessary for the court to understand the complete picture. Many of her statements are made with no assignment of error whatever; others she characterizes as possibly incorrect decisions or simply issues for this court to decide. Finally, plaintiff states that this court can vindicate her "by calling a Grand Jury investigation into the Aurora Public Schools." Aplt. Opening Br. at 23.

For plaintiff's benefit we note the following. First, the notice of appeal in this case specifies for this court's review only the judgment on the jury's verdict and the denial of her post-judgment motion. Vol. IV, Doc. 286. Hence, any arguments that may relate to proceedings prior to the trial are not properly raised, and we will not consider them. *See Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997) (noting court's lack of jurisdiction to review issues contained in parts of orders not identified in notice of appeal); *see also* Fed. R. App. P. 3(c)(1)(B) (stating notice of appeal must "designate the judgment, order, or part thereof being appealed").

Next, we note that plaintiff has not furnished a trial transcript as is her duty under the rules. *See* 10th Cir. R. 10.1(A)(1) (noting appellant's duty to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal"). If a district court's

findings and conclusions are made orally, the appellant must supply a record containing "a copy of the transcript pages reproducing those findings and conclusions." 10th Cir. R. 10.3(C)(3). In addition, a copy of the relevant transcript pages is to be attached to appellant's brief when the judicial pronouncement is oral. *See* 10th Cir. R. 28.2(A)(2). Lack of the required transcript leaves the court no alternative but to affirm the district court. *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999). "[F]ailure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review." *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992). Moreover, "[i]t is the obligation of the party seeking review to provide a record adequate to inform this [c]ourt's review." *Payton v. United States Dep't of Agric.*, 337 F.3d 1163, 1169 (10th Cir. 2003). For these same reasons we are unable to undertake any review of plaintiff's claim that the jury did not properly follow its instructions.

With regard to plaintiff's complaints about her attorneys, and in particular trial counsel's performance, this is not the proper subject of an appeal. There is no constitutional right to counsel in a civil case, and therefore an argument generally alleging ineffective assistance of such counsel does not compel reversal. *See Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir.) ("Counsel's

performance, however deficient, would not . . . form the basis for reversal of the trial court."), *petition for cert. filed* (U.S. Oct. 18, 2003) (No. 03-7129).

Plaintiff also complains that she was denied access to certain documents that were the subject of a protective order entered by the assigned magistrate judge. Vol. I, Doc. 117. The documents were apparently inadvertently furnished to plaintiff's counsel as part of discovery and were protected under the attorney-client privilege. We agree with defendants that plaintiff has waived this argument by her failure to appeal the magistrate judge's ruling within the ten-day requirement of Fed. R. Civ. P. 72(a). *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). Plaintiff does not fall within the exception to the court's "firm waiver rule" because she was not pro se at the time of the magistrate's order, nor has she shown that the ends of justice dictate deviation from our rule. *See id.*

Finally, we review the district court's denial of plaintiff's motion for a new trial for abuse of discretion. *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1283 (10th Cir. 2003). The bases for the motion were the lack of adequate time at trial for plaintiff to present her case and the failure of the jury to accept the testimony of a particular witness as evidence of retaliation. Vol. IV, Doc. 270. The district court carefully considered her arguments and determined she had not objected at trial to any time constraints nor "shown that the fundamental fairness of the trial was affected by the proceedings." *Id.*, Doc. 285 at 2. On appeal

plaintiff has failed to cite any legal authority in support of her arguments. We hold that the district court did not abuse its discretion in denying the motion for new trial. We have further considered plaintiff's other remarks, requests, and arguments and find them to be without merit.

The judgment of the district court is AFFIRMED. Plaintiff's motion requesting this court to govern the interactions between her and defendants' counsel is denied as moot.

Entered for the Court

Terrence L. O'Brien
Circuit Judge