**UNITED STATES COURT OF APPEALS**

**July 6, 2009**

**TENTH CIRCUIT**

JASON P. CLAUSEN,

          Petitioner - Appellant,

v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility; ARISTEDES W.
ZAVARAS, Director, Colorado DOC;
JOHN SUTHERS, the Attorney
General of the State of Colorado,

          Respondents - Appellees.

No. 08-1467
(D. Colorado)
(D.C. No. 08-CV-00500-LTB-CBS)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Jason P. Clausen seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas application. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that

no appeal may be taken from a final order disposing of a § 2254 application

unless the petitioner first obtains a COA). Because Clausen has not "made a

substantial showing of the denial of a constitutional right," this court **denies** his

request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

In 2003, Clausen was charged with one count of murder in the first degree after deliberation, one count of murder in the first degree, and one count of second degree kidnapping. Pursuant to the terms of a written plea agreement, Clausen pleaded guilty to first degree murder; the remaining charges were dismissed and the state of Colorado agreed not to seek the death penalty. The plea agreement specifically provided that the minimum penalty for the offense to which Clausen pleaded guilty was life imprisonment without the possibility of parole and that was the sentence imposed by the Colorado trial court. Clausen filed an application for post-conviction relief pursuant to Rule 35 of the Colorado Rules of Criminal Procedure. The state trial court denied the Rule 35 motion and that decision was affirmed by the Colorado Court of Appeals. The Colorado Supreme Court denied Clausen's petition for writ of certiorari.

Clausen filed the instant § 2254 petition in federal district court on March 11, 2008, alleging (1) he was denied effective assistance of trial counsel, (2) his due process rights were violated when the state trial court refused to grant him an evidentiary hearing on his Rule 35 motion, and (3) the Colorado Court of Appeals applied an erroneous standard of proof when it considered his Rule 35 motion. Clausen's petition was referred to a magistrate judge who recommended that it be denied. Applying the standards set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the magistrate judge's Report and Recommendation ("R&R") concluded the Colorado courts' adjudication of Clausen's ineffective

-2-

assistance claim was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The R&R recommended denying relief on the remaining two issues because they did not raise cognizable federal habeas claims. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

Clausen sought and was granted an extension of time to October 24, 2008, to file objections to the R&R. On October 28, 2008, the district court entered an order adopting the recommendations in the R&R and dismissing Clausen's § 2254 application with prejudice. The order noted Clausen had failed to file written objections to the R&R. The district court, however, received Clausen's objections one day later, on October 29, 2008. Clausen then filed a Motion to Vacate Order, arguing the district court should conduct a de novo review of the R&R because his objections were timely filed pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 273-76 (1988). The district court denied Clausen's motion, concluding he failed to allege or prove that he made timely use of the prison's legal mail system. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam) (applying the prison mailbox rule to objections to a magistrate judge's report).

In his COA application, Clausen challenges the district court's refusal to consider his objections and has attached what appears to be a copy of the prison's legal mail log. Because this document was not presented to the district court, the court did not err when it concluded Clausen failed to prove he made timely use of the prison's legal mail system to send his objections.[1] *See Price*, 420 F.3d at 1166.

To be entitled to a COA, Clausen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In evaluating whether Clausen has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Clausen need not demonstrate his

---

[1] This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id*. The magistrate's order, however, did not advise Clausen of the consequences arising from a failure to file objections. Thus, the firm waiver rule does not apply in this case. *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996) ("This rule does not apply, however, when . . . the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object.").

appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Clausen's application for a COA and appellate brief, the magistrate's R&R, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Clausen is not entitled to a COA. The district court's resolution of the claims raised in Clausen's § 2254 application is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Clausen has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Clausen's request for a COA and **dismisses** this appeal. Clausen's application to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge