**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLARENCE R. SINGLETON,

    Defendant-Appelllant.

No. 02-2157
(D.C. No. CIV-01-1215)
(New Mexico)

**ORDER**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Mr. Clarence R. Singleton, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 habeas corpus petition and seeks a certificate of appealablity (COA) from this court. Because Mr. Singleton failed, in accordance with 28 U.S.C. § 636(b)(1), to file timely objections to the magistrate judge's findings and recommendation to the district court, we deny his request for a COA.

Mr. Singleton was indicted with twenty-five other defendants on twenty-

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

eight counts of various drug and drug related violations.  He eventually entered a plea agreement pursuant to FED. R. CRIM. PROC. 11(e)(1)(C), under which he pled guilty to one count of conspiracy to possess and distribute one kilogram or more of a substance containing a detectable amount of methamphetamine.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(A), § 846.  In accordance with the terms of his plea agreement, Mr. Singleton was sentenced to 210 months in prison and five years of supervised release.[1]  Mr. Singleton, along with two other co-conspirators, subsequently filed individual § 2255 petitions to vacate, set aside or correct their sentences.  Mr. Singleton essentially alleged his plea was not knowing and voluntary, claiming that his trial counsel was ineffective and that the trial court erred by not requiring a presentence report prior to accepting his plea.  He also argued his role in the conspiracy was overstated, resulting in a disproportionally harsh sentence as compared to the sentences of other members in the conspiracy. Finally, he asserted the government's search of his jail cell and seizure of legal papers constituted outrageous government conduct, violating his First, Fifth and Sixth Amendment rights and effectively coercing him to plead guilty.[2]

---

[1]Mr. Singleton's request to withdraw his plea was denied by the district court and affirmed on appeal.  *See United States v. Hernandez*, 216 F.3d 1088 (10th Cir. 2000) (unpub. op.).

[2]Mr. Singleton did not specifically list this last claim in his § 2255 petition. Nonetheless, the magistrate judge addressed the claim noting that Mr. Singleton's supporting brief, a document not included in the record on appeal, contained arguments regarding the search and seizure issue.

The district court consolidated the petitions of Mr. Singleton and his co-conspirators, and referred them to a magistrate judge. On March 27, 2002, the magistrate judge issued findings and a recommendation denying the parties' claims for relief. The magistrate's report specifically indicated that pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days upon receiving the report to file written objections with the district court, and that failure to do so would bar their ability to seek appellate review of the court's findings and recommendations. Mr. Singleton did not submit written objections to the district court until May 17, 2002, long after the ten day filing period had expired, so they were stricken as untimely.[3] Mr. Singleton nonetheless brings this appeal, challenging the district court's denial of his § 2255 petition.

Mr. Singleton is precluded from appealing the district court's order under this circuit's firm waiver rule, which holds that a party's failure to timely object to a magistrate judge's report and recommendation bars the party from seeking appellate review of the district court's order. *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We do make exceptions to the firm waiver rule "where the interests of

---

[3]Samuel J. Singleton, one of Mr. Singleton's co-conspirators, filed written objections with the court after receiving an extension to May 10, 2002. Petitioner Clarence Singleton's objections were not only filed beyond the time granted to Samuel Singleton, they were filed *after* the district court adopted the magistrate judge's report on May 13, 2002.

justice so require," *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), or where "the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object." *Talley*, 91 F.3d at 1413. However, this is not such a case. The magistrate judge's report clearly told Mr. Singleton he had ten days in which to file his objections or waive his right to appeal. Mr. Singleton failed to file his written objections within the time allotted by statute, or even within the extended time granted to his co-conspirator. Moreover, Mr. Singleton has failed to present any argument indicating the interests of justice require us to address his claims.

Accordingly, we **DENY** Mr. Singleton's request for a COA.[4]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[4]In light of our denial of a COA, we need not address Mr. Singleton's motions to file supplemental and reply briefs, or his motion to adopt Samuel J. Singleton's brief regarding the government's search of his jail cell.