FILED
United States Court of Appeals
Tenth Circuit

March 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EXONDIA SALADO,

        Petitioner - Appellant,

v.

DEBBIE ALDRIDGE, Warden,[*]

        Respondent - Appellee.

No. 15-6171
(D.C. No. 5:14-CV-00831-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

Proceeding *pro se* and *in forma pauperis*, Exondia Salado seeks a

certificate of appealability ("COA") from this court so she can appeal the district

court's denial of her 28 U.S.C. § 2254 habeas petition.[1]  *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA).  Salado

was sentenced to life imprisonment without parole after an Oklahoma jury

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Debbie Aldridge is substituted for
Ricky Moham as the Warden of Mabel Bassett Correctional Center.

[1]Salado's notice of appeal was timely filed under the prison mailbox rule.
*See* Fed. R. App. P. 4(c)(1).

convicted her of first degree murder.  Her conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal.  Salado sought, and was denied, state post-conviction relief.  She filed a § 2254 petition in federal district court on August 6, 2014.

In her § 2254 petition, Salado presented the following claims for relief: (1) the "October 17, 2007 warrant [was a] constitutionally impermissible general warrant," (2) the "[w]arrantless seizure of Gateway and Hewlett Packard computers and storage media was unlawful and unjustified," (3) "[p]rosecutorial misconduct violated [her] rights to due process, speedy trial, fair trial, freedom from unreasonable search and seizure, and failed to comply with trial court's discovery order," (4) "[her] right to speedy trial [was] violated," and (5) she received ineffective assistance of both trial and appellate counsel.  Salado's petition was referred to a federal magistrate judge who examined each of her claims and recommended that the petition be denied.

Salado received notice in the report and recommendation that she was required to file any objections she might have to the recommended disposition of her habeas petition no later than the date set out therein.  The report and recommendation specifically informed her that the failure to file timely objections "would waive appellate review of the recommended ruling."  Salado sought to extend the time for filing her written objections after the deadline had already passed.

-2-

This court has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id*. The district court recognized the potential applicability of this court's firm waiver rule, and permitted Salado to file her objections. Her objections, however, only addressed the proposed disposition of the two Fourth Amendment claims and a related ineffective assistance of appellate counsel claim. The court discussed the objections in depth, ruling that Salado was not entitled to relief on her two Fourth Amendment claims because she had a full and fair opportunity to litigate the claims in state court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). As to the related ineffective assistance claim, the district court concluded Salado's appellate counsel was not ineffective for failing to present the Fourth Amendment claim on direct appeal because the claim was, in fact, presented. The court adopted the proposed findings and recommended disposition of the magistrate judge as to all issues raised in Salado's habeas petition and denied relief.

For Salado to proceed on appeal, she must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Salado must therefore show that "reasonable jurists could debate whether (or, for

that matter, agree that)" the district court erred in concluding that the *Stone* bar precludes review of her Fourth Amendment claims.[2] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. "An opportunity for full and fair consideration requires at least the procedural opportunity to raise or otherwise present a Fourth Amendment claim, a full and fair evidentiary hearing, and recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *United States v. Lee Vang Lor*, 706 F.3d 1252, 1258 (10th Cir. 2013) (quotations omitted). Salado does not appear to dispute that the state trial court provided her with a procedural opportunity to present her Fourth Amendment claim and that

---

[2]In her application for a COA, Salado has attempted to challenge the district court's disposition of all claims raised in her § 2254 petition. She does not, however, address the firm waiver rule or argue that either of the two exceptions to the rule apply in this case. *See Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996) ("This rule does not apply . . . when the ends of justice dictate otherwise or when the magistrate's order does not clearly apprise a pro se litigant of the consequences of a failure to object."). Because Salado did not object to the recommended disposition of any claim other than the three specifically mentioned in the written objections filed on July 8, 2015, she has waived appellate review of all claims except those three. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

the OCCA reviewed the claim. She argues, instead, that the state courts could not have "possibly" applied the correct legal standards because it is "manifestly evident" that the October 17, 2007 warrant is overbroad on its face and, yet, the state courts reached the opposite conclusion. She further asserts the OCCA's resolution of the claim was "brief and conclusory."

Having reviewed the record in its entirety we conclude Salado is not entitled to a COA on her Fourth Amendment claims. On direct appeal, the OCCA applied the *Leon* good-faith exception and concluded the trial court properly refused to exclude the evidence seized pursuant to the October 17, 2007 warrant. *See United States v. Leon*, 468 U.S. 897, 920 (1984) (adopting a good-faith exception to the application of the exclusionary rule and specifically applying that exception where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope," even though the search warrant was later deemed to be invalid). In its ruling on Salado's post-conviction application, the OCCA concluded review of the claim was barred from judicial review under the doctrine of *res judicata*.

Even if we accept Salado's insistence that her two Fourth Amendment claims are separate and distinct, the OCCA's application of the *Leon* good-faith exception to the application of the exclusionary rule resolved both claims

regardless of how Salado attempts to categorize them.[3]  After review of the

district court order and the state court record, we agree that Salado presented her

Fourth Amendment claims to the state courts and had a full and fair opportunity

to litigate them.  Accordingly, Salado is also not entitled to a COA on her claim

that her appellate counsel provided ineffective assistance by failing to raise a

fourth amendment challenge to the validity of the search and the seizure of

computers and storage media.

 This court **denies** Salado's request for a COA and **dismisses** this appeal.

         ENTERED FOR THE COURT


         Michael R. Murphy
         Circuit Judge

---

[3]Under both iterations of her claim, Salado seeks suppression of the
computers and electronic media seized pursuant to the October 17, 2007 warrant
and subsequently searched pursuant to an additional warrant.